[Cite as *Hahn Adventure, L.L.C. v. Thornville*, 2014-Ohio-3387.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HAHN ADVENTURE, LLC | JUDGES:<br>Hon. William B. Hoffman, P .J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 CA 13 |
| VILLAGE OF THORNVILLE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:            Civil Appeal from the Court of Common
                                                                  Pleas, Case No.  12 CV 198

JUDGMENT:                                         Affirmed

DATE OF JUDGMENT ENTRY:            August 1, 2014

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JEFF J. SPANGLER                              BRIAN M. ZETS
BRYAN M. EVERITT                             ISAAC WILES BURKHOLDER
DAGGER, JOHNSTON, MILLER              & TEETOR
OGILVIE & HAMPSON                          Two Miranova Place
144 East Main Street, P.O. Box 667       Suite 700
Lancaster, Ohio  43130-0067                Columbus, Ohio  43215

*Wise, J.*

{¶1}.  Appellant Village of Thornville appeals the decision of the Court of Common Pleas, Perry County, which granted the application of Appellee Hahn Adventure LLC for the detachment of approximately 290 acres of land from said village. The relevant facts leading to this appeal are as follows.

{¶2}.  Appellee owns five parcels of real property, about 290 acres in total, identified as numbers 39-000477.0000, 39-000477.0010, 39-000478.0000, 39-000479.0000, and 39-000479.0100, near State Route 13 in the Village of Thornville, Perry County, Ohio. The property in question, part of what is known as the "Thornhill Development" was annexed into the village in 1995, when it was owned by Sun Vest, Inc. At the time, an annexation agreement was reached between Sun Vest and Appellant Village of Thornville regarding a planned three-phase development of the property.

{¶3}.  However, Sun Vest never made developments on the property as planned. Ultimately, appellee purchased some of the acreage in July 2010, and the remainder in May 2011. The property is currently being used as agricultural land as a pre-existing non-conforming use, although it has been zoned as General Employment and Suburban Residential since 1995.

{¶4}.  On May 25, 2012, Appellee Hahn Adventure filed a petition for detachment pursuant to R.C. 709.41 and R.C. 709.42. In said petition, appellee sought detachment of the aforesaid parcels, a total of 290 acres (more or less), from the Village of Thornville into Thorn Township.

{¶5}.  On June 26, 2012, Appellant Village answered the petition.

{¶6}. Appellee moved for summary judgment on February 27, 2013. Appellant filed a response on April 2, 2013. Appellee filed a reply on April 9, 2013. However, on May 10, 2013, the trial court denied appellee's motion for summary judgment.

{¶7}. The matter proceeded to a bench evidentiary hearing on May 20, 2013. Both sides thereafter filed proposed findings of fact and conclusion of law.

{¶8}. The trial court issued a decision on October 25, 2013, granting appellee's petition for detachment.

{¶9}. On November 21, 2013, appellant filed a notice of appeal and a motion for stay. Said motion to stay apparently remains pending. Appellant herein raises the following sole Assignment of Error:

{¶10}. "I. THE TRIAL COURT ERRED IN ITS DECISION GRANTING HAHN ADVENTURE, LLC'S DETACHMENT PETITION BECAUSE THERE WAS NO COMPETENT, CREDIBLE EVIDENCE SUPPORTING THE ESSENTIAL ELEMENTS OF ITS CASE."

I.

{¶11}. In its sole Assignment of Error, Appellant Village of Thornville argues the trial court erred in granting Appellee Hahn Adventure's motion for detachment from the village. We disagree.

{¶12}. As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Peterson v. Peterson*, Muskingum App.No. CT2003-0049, 2004-Ohio-4714, ¶ 10, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA-5758.

{¶13}. R.C. 709.42 states in pertinent part as follows:

{¶14}. "If, upon the hearing of a cause of action as provided by section 709.41 of the Revised Code, the court of common pleas finds that the lands are farm lands, and are not within the original limits of the municipal corporation, that by reason of the same being or remaining within the municipal corporation the owner thereof is taxed and will continue to be taxed thereon for municipal purposes in substantial excess of the benefits conferred by reason of such lands being within the municipal corporation, and that said lands may be detached without materially affecting the best interests or good government of such municipal corporation or of the territory therein adjacent to that sought to be detached; then an order and decree may be made by the court, and entered on the record, that the lands be detached from the municipal corporation and be attached to the most convenient adjacent township in the same county. Thereafter the lands shall not be a part of the municipal corporation but shall be a part of the township to which they have been so attached. * * *."

{¶15}. Appellee in the case sub judice was thus required to establish four requirements for detachment from the village to Thorn Township:

{¶16}. 1. The land is unplatted farm land not within the original limits of the municipal corporation.

{¶17}. 2. That by reason of the same being or remaining within the municipal corporation the owner thereof is taxed and will continue to be taxed thereon for municipal purposes "in substantial excess of the benefits conferred" by reason of such lands being within the municipal corporation.

{¶18}. 3.  That said lands may be detached without materially affecting the best interests or good government of such municipal corporation or of the territory therein adjacent to that sought to be detached.

{¶19}. 4.  The detachment action is brought more than five (5) years after the land was annexed to the municipal corporation.[1]

{¶20}.  Appellant herein directs us to *Smetzer v. City of Elyria*, 23 Ohio Dec. 179, 1912 WL 1596, a Lorain County Common Pleas decision under the pre-1953 General Code, in which the court held: " *** [I]t is plain that then the court should not only look to the interests of the applicants who are seeking detachment, but it should bear in mind that the best interests of the municipality are as well at stake." While the modern statutory scheme likewise seems to call for a balancing of the interests of the property owner, the municipality, and the township, we adhere to our holding in *Smith Evergreen Nursery, Inc. v. Magnolia*, 5th Dist. Stark App.No. 2009CA00003, 2009-Ohio-6560, ¶ 18, to give no preference in analyzing R.C. 709.42  to the general trend in Ohio favoring annexation of land into municipalities.

### *Requirement of Unplatted Farm Land / Outside of Original Limits*

{¶21}.  While apparently not disputing that the land in question was not within the original limits of the village,  appellant first contends the 290 acres in question was erroneously found to be "unplatted farm land."

{¶22}.  There is no dispute that the property at issue has been granted Current Agricultural Use Valuation (CAUV) status for tax purposes. The property is also zoned as General Employment and Suburban Residential, but appellee has been farming the

---

[1]  The fourth requirement is found in R.C. 709.41.

land as a pre-existing non-conforming use. The crux of appellant's argument on this point is "that with its residential and commercial zoning, the property cannot be unplatted farm land." Appellant's Brief at 7.

{¶23}. Appellant thus appears to blur the concept of "zoning" real property with "platting" real property. R.C. 711.01 states: "Any person may lay out a village, or subdivision or addition to a municipal corporation, by causing the territory to be surveyed, and by having a plat of it made by a competent surveyor. The plat shall particularly describe the streets, alleys, commons, or public grounds, and all in-lots, out-lots, fractional-lots, within or adjacent to such village. The description shall include the courses, boundaries, and extent." Under the Revised Code, platting is thus a precise form of mapping and surveying. Furthermore, R.C. 711.04 sets forth the requirements for acknowledging and recording plats of a subdivision. In contrast, zoning is dividing the "municipal corporation or any portion thereof into zones or districts *** in the interest of the public health, safety, convenience, comfort, prosperity, or general welfare * * *." *See* R.C. 713.06.

{¶24}. We find the term "unplatted" as used in R.C. 709.42 must be interpreted in pari materia with the specific procedures set forth in R.C. 711.01 et seq., irrespective of the land's zoning designation. The record does not indicate that the property in question was formally platted for purposes of development as envisioned in R.C. 711.01. Although Neil Beard, appellee's principal owner, referenced a map of the "plot" (Tr. at 53-54), both Mayor Gavin Renner and Perry County Engineer Kenton Cannon clearly testified that the land was not platted. *See* Tr. at 7, 58. Furthermore, the property's status as "farm land" is not negated simply because appellee's agricultural use is only a

pre-existing non-conforming exception to zoning. As such, we hold the trial court's treatment of the property in question as unplatted farm land did not constitute reversible error under the facts and circumstances of the case sub judice.

*Requirement of Taxation in Substantial Excess of Benefits Conferred*

{¶25}. Appellant also challenges the trial court's determination that appellee is being taxed for municipal purposes in substantial excess of the benefits conferred by the village.

{¶26}. The General Assembly has not set forth in the statute whether the "substantial excess" question requires a comparative cost analysis of services provided to the landowner by the municipality versus those provided by the township, as opposed to a simpler evaluation of whether the current tax burden on the landowner for his or her municipal services is substantially excessive per se. *See Smith Evergreen*, *supra*, at ¶ 24. We find the trial court in the case sub judice essentially utilized a comparative cost analysis in reaching its decision. The record indicates that the property has no water, sewer, or other municipal-related utilities, nor does the Village provide fire department services. Furthermore, there is a mutual aid agreement between the Perry County Sheriff's Office and the Thornville Village Police Department which essentially provides for a response from the nearest officer when a call is made. This arrangement is the same whether the property remains in the Village or goes back into Thorn Township. Finally, the property abuts Zion Road, which is currently maintained by the Village in that area. However, while Perry County Engineer Kenton Cannon testified that the Village could take steps to keep control over the maintenance of Zion Road in the

pertinent section should de-annexation occur, most likely road maintenance would revert to the county.   *See* Tr. at 59-60.

**{¶27}.**   The parties herein do not dispute that appellee pays real estate taxes for municipal purposes in the amount of $421.00 per year. It is no exaggeration in this instance to conclude that the property in question enjoys no comparative benefit whatsoever from continuing to be part of the Village.   Upon review of the record in the case sub judice, we find competent, credible evidence existed to support the trial court's conclusion that appellee is being taxed for municipal purposes in substantial excess of the benefits provided by the village.

### *Requirement of Not Materially Affecting Best Interests or Good Government*

**{¶28}.**   Appellant also raises a challenge as to the third criterion under R.C. 709.42, i.e., whether or not the detachment would materially affect the best interests or good government of the municipality or adjacent territory, in this case Thorn Township. We first state the obvious: The Village will lose $421.00 in annual tax revenue, while the Township will resume territorial jurisdiction over approximately 290 acres. Appellant adds that this acreage represents about 41 percent of the present size of the Village, which is just 1.10 square miles in area and has a population of 991 persons.

**{¶29}.**   In *Smith Evergreen*, we noted " *** the statute does not specifically address prospective uses of detached land." *Id.* at ¶ 27. However, it is noteworthy in the present case that appellee intends to continue farming, although it would consider selling if offered the right price. *See* Tr. at 49. Appellant argues that if de-annexation occurs, the Village will lose "a tremendous and irreplaceable opportunity for development." Appellant's Brief at 10. Yet the development of the property simply has

not materialized after nearly twenty years, and we find no basis to  substitute our judgment for that of the trial court regarding the "best interests or good government" factor under R.C. 709.42.

### *Requirement of Five-Year Minimum Delay Post-Annexation*

{¶30}. The final requirement under the statute is that the detachment action must be brought more than five years after the land in question was annexed. In the case sub judice, there is no dispute that the annexation of the property at issue took place nearly twenty years ago; therefore, we need not address this factor.

### *Conclusion*

{¶31}. Accordingly, upon review, we find no basis for reversal of the trial court's grant of detachment under R.C. 709.42 in favor of appellee.

{¶32}. Appellant's sole Assignment of Error is overruled.

{¶33}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.


JWW/d 0715